# MOLINEUX *vs.* EASTMAN.

The defendant, having authorized one Cochran to take up goods at the plaintiff's store on his account, to the amount of two or three dollars, was afterwards asked by the plaintiff how far he should trust Cochran ? The defendant asked what was the amount of goods delivered to Cochran on his account, and was told that the amount was between eleven and twelve dollars. The defendant then said that the plaintiff had better not let Cochran have any more goods so. —*Held,* that the defendant was not bound to pay for all the goods delivered to Cochran, either by what he said, or by his omission to say anything more.

The defendant brought a suit against the plaintiff upon a note, and the latter paid into court the amount due on the note, and the costs. The plaintiff had also

Molineux *v.* Eastman.

brought a suit against the defendant upon an account, in which suit the defendant filed the note in set-off. The defendant took the money out of court, but declined receiving it in satisfaction of his debt, because he had filed the note in set-off. Both actions being submitted to the court for determination, it was *held,* that although by the 36th rule of court the plaintiff was entitled to his costs from the beginning, yet it would be but a proper exercise of the discretion of the court, to regard the matters as if they all arose in one suit; and the plaintiff was therefore allowed but one bill of costs in the present suit, in which he was the prevailing party.

A suit having been brought upon a note, the defendant paid into court the amount of the debt and costs. The plaintiff took the money out of court, but declined accepting it in satisfaction of his claim, because he had filed the note as a set-off on a suit which the defendant had brought against him.—*Held,* that the debt was paid, and the defendant could not rely on the note as a set-off.

ASSUMPSIT, upon an account, on which the plaintiff alleged there was a balance due him of $14.43. A part of the articles charged in the plaintiff's account were delivered to one John Cochran, who was authorized by the defendant to take up goods at the plaintiff's store to the amount of two or three dollars. Cochran procured goods there to the amount of about twelve dollars; and after he had received them, the plaintiff met the defendant and informed him that Cochran had been taking up goods on the defendant's account, and asked him how far he should trust Cochran? The defendant, after inquiring what was the amount of goods delivered to Cochran on the defendant's account, and being told that it was between eleven and twelve dollars, told the plaintiff he had better not let him have any more so. The parties agreed that if the defendant were bound to pay for all the goods which Cochran took up at the plaintiff's store, the defendant owed the plaintiff the sum of $14.43, but that if the defendant were not bound to pay for all the goods, then the balance due the plaintiff would be only $4.61.

The defendant filed in set-off the note described in the preceding case. On the 6th day of August, 1839, the plaintiff tendered to the defendant's attorney, who then had the note, a sum sufficient to include the amount due on the note, and the costs in a suit upon it, which was refused. The

Molineux *v.* Eastman.

facts relating to the note are as they are stated in the preceding case, with the farther facts that Eastman took out of court the money paid into court by Molineux under the common rule, but declined receiving it in satisfaction of his claim, because he had filed the note as a set-off in this suit. The case was submitted to the decision of the court upon the foregoing facts.

*Hazelton*, for the defendant. It is no objection to a plea of set-off, that the defendant has brought an action against the plaintiff for the same sum in which the plaintiff has paid the amount of the demand into court. *Evans* vs. *Prosser*, 3 *T. R.* 186.

*Boardman*, for the plaintiff. Cochran had a general authority to take up goods, and the contract he made was afterwards ratified by Eastman. 1 *Phillips* 83. A contract may be implied from acts as well as from express admissions. *Doe* vs. *Forster*, 13 *East* 405 ; *Doe* vs. *Biggs*, 2 *Taunt.* 109. If a person do not object when he is charged with a debt, it will be *prima facie* evidence that he admits it. 2 *Stark. Ev.* 37 ; *Albee* vs. *Little*, 5 *N. H. Rep.* 277 ; *King* vs. *Fowler*, 16 *Mass.* 397.

Gilchrist, J. Cochran had no authority from the plaintiff to take up goods on his account exceeding the amount of two or three dollars. When the defendant was informed that he had taken up goods to the amount of between eleven and twelve dollars, he said that the plaintiff had better not deliver him any more goods so. If the prohibition to the plaintiff to deliver Cochran any more goods implied a recognition of his indebtment for the amount already delivered, then the defendant is liable for the whole amount delivered, and the balance of accounts due the plaintiff is the sum of $14.43. But this would not be the reasonable construction of what was said by the defendant. It may with some

plausibility be argued, as it has been, that if the defendant did not mean to hold himself liable for the excess beyond the sum of two or three dollars, he should have said so in express terms. Silence is often fairly enough received as evidence of assent, but the cases in which so much weight as that is given it, are properly those where an omission to speak is evidence of bad faith, or where the silence, and omission to make an objection, may have caused the other party to alter his position in some way. In such a case it would have the effect of an estoppel *in pais*. But in the present case there was no *mala fides*, nor did the plaintiff alter his position at all, for the goods had already been delivered to Cochran. The defendant was not bound to use the precise language of a special pleader, to exclude a conclusion, or preface his remark or follow it up with an " *absque hoc*." He had a right to presume that he should not be charged beyond the power he had given Cochran to charge him, and there is nothing in the language used inconsistent with that intention on his part. He answered the plaintiff's question by saying that " he had better not let Cochran have any more goods so," and we do not think this an admission of his liability for all the goods delivered Cochran. The plaintiff, therefore, is entitled to judgment for the sum of $4.61 only.

In relation to the set-off, it is very clear that the defendant cannot use the note for that purpose. He cannot blow both hot and cold as to the same matter, as he attempts to do here. He cannot use the note as a valid and subsisting claim, while he has taken out of court the money paid by Molineux. Having received the amount due on the note, he cannot be heard to say that he did not receive it in satisfaction of his claim. The only reason for this is, that he wishes to use the note as a set-off, which is no reason at all. The note must be considered as paid, and consequently no longer evidence of a debt.

There is also a question, whether Molineux, in addition to

the bill of costs to which he is entitled as the successful party in this case, shall also be allowed costs under the 36th rule of court, which allows a defendant his costs from the beginning, in cases where the plaintiff does not show that a greater sum than that paid into court, is due him. The court have power to limit and allow such bills of costs as law and justice shall require. *N. H. Laws* 324, *Ed. of* 1830. And this action properly comes within the act referred to, and not under the revised statutes. And as the cases are both submitted to us at the same time, we have considered them together, and we think they may be regarded as if there were but one case (the present) between them, in which Eastman had filed his note against Molineux as a set-off. In such case Molineux would recover his costs, and we think it is but a reasonable exercise of the discretion of the court, to allow him but one bill of costs in both cases.

*Judgment for the plaintiff.*